E-FILED
Monday, 23 February, 2009  04:50:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 92-300042 |
| ) | |
| SCOTT D. SHEPPARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Sheppard filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

The motion [d/e 109] is denied.

Sheppard pled guilty to distributing and conspiring to distribute cocaine base. This Court sentenced him as a career offender, and, pursuant to 21 U.S.C. § 841(a)(1)(C), increased his maximum sentence to 30 years. Ultimately, Sheppard was sentenced to 294 months. The appellate court

affirmed. *United States v. Sheppard*, 33 F.3d 56 (7th Cir. Aug. 9, 1994) (table).

Sheppard now seeks a sentence reduction pursuant to § 3582(c)(2). That provision permits courts to reduce a sentence where the relevant sentencing range "has subsequently been lowered by the Sentencing Commission. . . ." § 3582(c)(2).

Sheppard appears to argue that he is entitled to a reduction based on *Kimbrough v. United States*, 128 S. Ct. 558 (2007). That case, however, is not a basis for relief under § 3582(c)(2), as it did not involve an action of the Sentencing Commission lowering the relevant sentencing range. *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008); *Hayes v. United States*, 141 Fed. Appx. 463, 464 (7th Cir. June 29, 2005) (noting, in response to a *Booker* argument, that § 3582(c)(2) "authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law").[1]

---

[1] In any event, *Kimbrough* would likely fail to help Sheppard. *See United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) ("a sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem."); *see also United States v. Cunningham*, --- F.3d -----, 2009 WL 249886 (7th Cir. Feb. 4, 2009) (explaining that even where a §

Rather, the only possible basis for a reduction would come from Amendment 706, which generally lowered the base offense level for many defendants with cocaine-base convictions. Sheppard, however, was sentenced as a career-offender; the drug quantity tables of § 2D1.1 were not used. Thus, because his guideline range would remain the same regardless of Amendment 706, Sheppard is entitled to no relief under § 3582(c)(2). *See United States v. Forman*, 553 F.3d 585, 589-91 (7th Cir. 2009).

Ergo, Sheppard's motion to reduce [d/e 109] is DENIED.

IT IS SO ORDERED.

ENTERED:　　　　　　　　　　　　　　　　February 23, 2009

FOR THE COURT:　　　　　　　　　　　　/s Judge Richard Mills
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

3582(c)(2) reduction is granted, district courts still lack authority to sentence below the retroactive Guidelines amendment range despite *Booker* and its progeny).